BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant YOUNG

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR-05-0054 MAG |
| Plaintiff, | ) STIPULATION AND PROPOSED ORDER FOR INTERPRETATION OF JUDGMENT AND COMMITMENT ORDER |
| v. | ) |
| IVAN YOUNG, | ) |
| Defendant. | ) Court: The Honorable James Larson |

The parties hereby stipulate and respectfully requests the Court's order as to the parties' understanding as to this Court's Judgment and Commitment Order, which the parties believe is the Court's intention with respect to the order. If the Court has a different interpretation of the Judgment and Commitment, the parties respectfully request a further hearing on the matter:

**BACKGROUND**

1. On Friday, September 1, 2006, the parties met for sentencing. At that time, the Court adopted the parties joint recommendation on the plea agreement, and sentenced Mr. Young to 24 months of probation, with conditions set by the Court as reflected in the attached Judgment and Commitment (see Exhibit A, attached);

Ord. Re: Judgment
No. CR-05-0054 MAG         1

2. At that time, this Court directed Mr. Young to complete a special condition of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer.

3. On Friday, September 15, 2006, U.S. Probation Officer John Storm called AFPD Falk and informed her that based on the Court's order, he believed it was mandatory that Mr. Young attend residential drug treatment and/or a full outpatient drug treatment program, and that according to federal law, his office could be administratively liable if he did not place Mr. Young in a treatment program;

4. At that time, AFPD Falk explained to Mr. Storm that her interpretation of that condition was that this Court left it up to the judgment of the Probation Officer whether or not drug treatment would be necessary at any stage of Mr. Young's probation term. Ms. Falk explained to USPO Storm that Mr. Young had already successfully completed a residential program with Sonoma County between July 15, 2005 through August 17, 2005, and a nine month outpatient program following this date. After successful completion of the outpatient program, he was discharged. At this point, Mr. Young continues to attend 12-step meetings, continued to drug test through May, 2006, and Ms. Falk explained that she believed that the Court wanted the Probation Department to continue to drug test Mr. Young and monitor his drug-free lifestyle, but that this Court did not mandate an additional drug treatment program at this time since Mr. Young is working, complying with the terms of his state probation, has already completed a ten month treatment program with the State court (see Exhibit B, attached) and has remained drug free (with the exception of medical marijuana) for over a year;

5. USPO Storm said that he understood all Ms. Falk said, but until he heard it from the Court, he was required to put Mr. Young in an additional drug treatment program, which involves a full additional year of active treatment;

6. Ms. Falk called Mr. Owens, AUSA on Mr. Young's case, to determine Mr. Owens'

Ord. Re: Judgment
No. CR-05-0054 MAG

2

| | |
|---|---|
| 1 | position on the Judgment and Commitment. At that time, Mr. Owens confirmed that |
| 2 | his intention with respect to the Plea Agreement was that Mr. Young had already |
| 3 | completed a treatment program, and the government was only concerned that Mr. |
| 4 | Young remain drug-free. He concurred with Ms. Falk that he interpreted the Court's |
| 5 | order and requiring testing and Mr. Young's continued participation in 12-step |
| 6 | meetings, but further drug treatment, inpatient or outpatient, should be left to the |
| 7 | discretion of the Probation Officer if Mr. Young relapses or otherwise seems to be |
| 8 | having problems with drugs or alcohol. |

7. Mr. Storm now requests this Court's order regarding the parties interpretation of the Judgment and Commitment;

8. Specifically, the parties request this Court to order the following interpretation of the Judgment and Commitment Order:

  1. Mr. Young is to refrain from use of all drugs, including medical marijuana;
  2. Mr. Young is to participate in a program of drug testing, as directed by Probation;
  3. Mr. Young is to continue to attend 12-step meetings;
  4. The Probation Office is required to continue to assess Mr. Young's compliance with a drug-free lifestyle, and to arrange for outpatient treatment if Mr. Young relapses or otherwise is out of compliance with his Court-ordered conditions;
  5. The Judgment and Commitment Order does not require the Probation Office to place Mr. Young in an outpatient drug treatment program at this time, provided that Mr. Young continues to drug test, attend 12 step meetings, and continues to cooperate fully with the Probation Department and maintains a drug-free lifestyle.

//
//

Ord. Re: Judgment
No. CR-05-0054 MAG

3

DATED:   8/18/2006                              /S/
                                            ELIZABETH M. FALK
                                            Assistant Federal Public Defender


DATED:   8/18/2006                              /S/
                                            DEREK OWENS
                                            Assistant United States Attorney


I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

   GOOD CAUSE SHOWN, it is hereby ORDERED that the aforementioned stipulation reflects this Court's order with respect to the Judgment and Commitment on Ivan Young.

 September 19, 2006

                                            _____
                                            THE HONORABLE
                                            UNITED STATES MAGISTRATE JUDGE

*IT IS SO ORDERED* — Judge James Larson

Ord. Re: Judgment
No. CR-05-0054 MAG                          4